IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

RACHEL E. HANNAH,                          )
                                           )
            Plaintiff,                     )    TC-MD 150449N
                                           )
      v.                                   )
                                           )
WASHINGTON COUNTY ASSESSOR                 )
and DEPARTMENT OF REVENUE,                 )
State of Oregon,                           )
                                           )
            Defendants.                    )    **FINAL DECISION**[1]

Plaintiff appealed Defendant Department of Revenue's (the Department) Disqualification

Notice dated July 27, 2015.  The Department disqualified Plaintiff's property, identified as

Account R565016 (subject property), from the Homestead Property Tax Deferral (Homestead

Deferral) program.  The Department filed its Motion for Summary Judgment (Motion) and

supporting exhibits on January 8, 2016.  On May 25, 2016, the court issued an Order Granting

Defendant's Motion for Summary Judgment In Part.  In that Order, the court considered two

issues: (1) whether the subject property meets the eligibility requirements to receive property tax

deferral under ORS 311.668(1)(c);[2] and (2) whether a change of ownership has occurred

requiring payment of deferred tax and interest under ORS 311.684(2).  The court granted the

Department's Motion with respect to the first issue and requested additional information with

respect to the second issue.  As requested by the court, Plaintiff filed on June 6, 2016, a complete

---

[1] This Final Decision incorporates without change the court's Decision, entered November 9, 2016.  The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered.  *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).  Defendant filed a Motion to Strike on November 9, 2016, requesting that the court strike Plaintiff's letter, dated October 28, 2016.  As discussed in the court's prior Decision, entered November 9, 2016, the court did not consider Plaintiff's letter when rendering its Decision in this matter. *See infra* at 2, note 3.

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

copy of the Living Trust for Ray and Rachel Hannah. On June 22, 2016, the Department filed its Argument on the second issue.[3] This matter is now ready for decision.

## I. STATEMENT OF FACTS

The relevant facts are set forth in the court's Order, issued May 25, 2016. Additional facts based on the trust document filed with the court are as follows:

Plaintiff is and was one of three trustees. (Trust at 1-1.) Articles One through Six make provision for the creation of the trust, administration of the trust during the settlors' lifetimes, administration of the trust upon the death of a settlor, and distribution of tangible personal property. (*See generally*, Trust at 1-1 to 6-3.) Articles One through Six do not provide for the transfer, sale, or disposition of the subject property. (*Id.*)

Article Seven of the trust provides for the creation of a marital trust: "If, upon the death of one of us the other Trustmaker[4] is living, the trust property not previously distributed under this agreement shall be held and administered in a Marital Trust for the benefit of the surviving Trustmaker." (Trust at 7-1.) The trust further provides that Plaintiff has the right to all of the income and principal of that trust:

> "Our Trustee shall pay to or apply for the benefit of the surviving Trustmaker, at least monthly during the lifetime of the surviving Trustmaker, all of the net income from the Martial Trust.
>
> "* * * * *
>
> "Our Trustee shall pay to or apply for the benefit of the surviving Trustmaker such amounts from the principal of the Martial Trust as the surviving Trustmaker

---

[3] On October 28, 2016, Plaintiff filed a letter containing an additional argument regarding Plaintiff's interpretation of the trust document as it relates to whether a change of ownership under ORS 311.684(2) occurred. That letter was received well after the deadline for the parties to file additional arguments, as set by the court's May 25, 2016, Order. Therefore, the court did not consider Plaintiff's additional argument.

[4] Article One Section One defines "Trustmaker" as "Grantor," "Settlor," "Trustor," "or any other term referring to the maker of a trust." (Trust 1-1.)

may request at any time in writing. *No limitation shall be placed on the surviving Trustmaker as to the amount of or reason for such request.*"

(Trust at 7-1 (emphasis added).)

The Marital Trust terminates upon the death of the surviving Trustmaker. (Trust at 7–2.) "Upon the death of the second Trustmaker to die, all of the trust property which has not been distributed under prior provisions of this agreement shall be divided, administered, and distributed under the Articles that follow." (Trust at 8-1.) Article Nine provides that after the death of the surviving Trustmaker, the trust property is distributed outright to the settlors' children. (Trust at 8-1, 9-1.)

## II. ANALYSIS

The issue before the court is whether a change of ownership has occurred requiring payment of deferred tax and interest under ORS 311.684, which provides in relevant part:

"All deferred property taxes, including accrued interest, become payable * * * when:

"* * * * *

"(2) * * * the property with respect to which deferral of taxes is claimed is sold, or a contract to sell is entered into, *or some person other than the taxpayer who claimed the deferral, including a transferee, becomes the owner of the property.*"

(Emphasis added.)

In the Order issued May 25, 2016, the court discussed the distinction between "disqualification" under ORS 311.684 and "inactivation" of a deferred account. (Order at 5–7.) *See also* OAR 150-311-0690(2), (4).[5] Inactivation means that the account no longer qualifies for deferral, whereas disqualification requires repayment of all deferred taxes. Disqualification results when one of the triggering events in ORS 311.684 occurs—*e.g.*, the applicant dies, the

_____

[5] OAR 150-311-0690 was formerly numbered OAR 150-311.684.

property is sold or transferred, or the property is no longer the homestead of the applicant. OAR 150-311.0690(2). Disqualification causes the deferred taxes, fees, and interest to become due by August 15 of the following year. ORS 311.686(1)(b); OAR 150-311.0690(2). The court discussed the legislative history of ORS 311.684, based on which the court concluded "that the legislature did not intend the loss of eligibility for deferral to result in disqualification. The legislature's guiding principle was to keep senior and disabled taxpayers in their long-term homes and only to demand payment of deferred property taxes when the property was sold or transferred." (Order at 6–7.)

Here, the event identified by the Department requiring disqualification was a change in ownership. (Def's Arg at 4.) The Department maintains that a change in ownership occurred when the trust became irrevocable because, at that point, Plaintiff could no longer have removed the subject property from the trust. (*Id.* at 3–4.) The Department asserted that, "once the trust became irrevocable upon Mr. Hannah's death, legal title in the subject property was vested for all purposes (including deferral eligibility) in the trustees." (*Id.* at 3.) The Department argues this case is analogous to *McWhirter v. Dept. of Rev.*, TC-MD 150316D, WL 4373890 (Jul 16, 2015). The Department's comparison is not well taken. In *McWhirter*, the plaintiff had transferred her property—resulting in disqualification from the deferral program—and then subsequently "corrected the ownership record," causing the defendant to reactivate the plaintiff's deferral. *Id.* at *1. The court granted the plaintiff's appeal based upon the agreement of the parties and denied the plaintiff's request for costs and disbursements. A Decision entered based upon the agreement of the parties does not provide any reasoning or analysis that is persuasive to the court in deciding this matter. Moreover, to the extent that the court discussed ORS 311.684 in its analysis of the plaintiff's request for costs and disbursements, the facts of *McWhirter* are

distinguishable from the present case. In *McWhirter*, the plaintiff transferred an interest in the property to her daughter, which resulted in disqualification. (*Id.* at 2.) Here, the issue is whether the change in trust status amounts to a change in ownership under ORS 311.684(2).

In the May 25, 2016, Order, the court discussed the meaning of "ownership" in the context of trusts, in particular the division between legal and equitable ownership and the effect of a trust becoming irrevocable. (*See* Order at 7–9.) The court defined ownership as "lawful claim or title." (*Id.* at 7–8.) In a recent case, the Oregon Supreme Court examined the meaning of "a property owner" under a separate statute. The court concluded that "[t]he words 'property' and 'owner' are relatively straightforward, referring, in context, to the individual or entity that has legal title to a piece of real estate. *Lake Oswego Preservation Society v. City of Lake Oswego*, 360 Or 115, 126, 379 P3d 462 (2016). In that same case, the Supreme Court noted that "[a] trust is a distinct legal entity" and the transfer of real property to a trust should be treated "the same as any conveyance of real property." *See id.* at 125 n 7.

For disqualification to occur under ORS 311.684(2), "some person other than the taxpayer who claimed the deferral, including a transferee, [must become] the owner of the property." In this case, the subject property was conveyed to the Hannah Family Living Trust in November 1994. At that time, and until the death of Ray Hannah, the subject property remained eligible for the Homestead Deferral program. Although Mr. Hannah's death changed the status of the trust from revocable to irrevocable, it did not change the fact that the trust, through its trustees, continued to hold legal title to the property. Since Mr. Hannah's death, there has been no new conveyance or transfer of the property. Under those facts, the court concludes that there has not been a change of ownership under ORS 311.684(2).

/ / /

Even if the court examines Plaintiff's ownership interest under the trust document, the court is satisfied that Plaintiff retained a sufficient ownership interest in the property to render the disqualification improper. Plaintiff is a trustee of the trust and, therefore, holds legal title to the subject property. The trust document reveals that Plaintiff is also the sole present beneficiary of the trust and has an unqualified right to withdraw all of the income and principal of the trust at any time, for any reason. (Trust at 7-1.) A trust beneficiary is considered to have an ownership interest in trust property. *See Restatement (Third) of Trusts*, §2, comment d (2003) (stating that "[t]he term 'owner' is used in this Restatement to indicate a person by whom one or more interests are held for the person's own benefit."); George Bogert, et al., *The Law of Trusts and Trustees*, §183 (3d ed 2006) (discussing whether beneficiaries rights are "in rem, or rights of ownership" or "in personam"—i.e. "only a right to enforce the trust against the trustee.") Bogert concludes that "while the right of the beneficiary originally was solely in personam against the trustee, it has become increasingly a right in rem and is now substantially equivalent to equitable ownership of the trust res." *Id.* Thus, under the marital trust provision of the trust document, Plaintiff has a "lawful claim" to the subject property as the sole present beneficiary.

Similarly, a person who has the power to withdraw trust property is generally considered to be the "owner" of that property.[6] *See* Valerie J. Vollmar, *The Oregon Uniform Trust Code and Comments*, 42 Willamette L Rev 187, 212 (2006) (noting that "the holder of a power of withdrawal has the rights of a settlor of a revocable trust"); *see also Restatement (Third) of Trusts*, § 56, comment b (2003) (stating that "[t]rust property subject to a presently exercisable

---

[6] ORS 130.315(2) provides, in part, that "the holder of a power of withdrawal is treated in the same manner as the settlor of a revocable trust to the extent property of the trust is subject to the power." ORS 130.510, relating to revocable trusts, provides that generally, a trustee owes its duty to the settlor of a revocable trust, however, if a beneficiary holds a power of withdrawal, the trustees duties are to the holder of the power, with respect to that item of property.

general power of appointment[7] (a power by which the property may be appointed to the donee, including one in the form of a power of withdrawal), *because of the power's equivalence to ownership*, is treated as property of the donee of the power.")

Under the marital trust provision, Plaintiff had the absolute right to all income and principal of the marital trust, including the subject property. Plaintiff was one of two taxpayers who originally qualified for deferral under the revocable living trust. Plaintiff continues to reside in the subject property, to hold title to the subject property as a trustee, and to hold a lawful claim to the subject property as the sole present beneficiary. Based on the rights and duties created under the trust, Plaintiff may be considered the owner of the subject property because she held all of the rights associated with ownership—*i.e.*, legal title, beneficial and equitable ownership, and an absolute right to demand trust property.

In sum, there is no evidence that any new person has become "the owner" of the subject property since the property was conveyed to the trust in 1994. The court is unable to identify any "transferee" within the meaning of the statute.

### III. CONCLUSION

After careful consideration, the court concludes that no transfer in ownership occurred under ORS 311.684(2). Accordingly, the court finds that Defendant improperly disqualified the subject property from Homestead Property Tax Deferral. As determined in the court's Order issued May 25, 2016, Plaintiff is not eligible for Homestead Property Tax Deferral under ORS 311.668(1)(c) and Defendant properly inactivated Plaintiff's account for the 2015-16 tax year. Now, therefore,

/ / /

---

[7] ORS 130.010(12) defines "Power of withdrawal" as "a presently exercisable power of appointment[.]"

IT IS THE DECISION OF THIS COURT that Defendant properly inactivated property identified as Account R565016 from the Homestead Property Tax Deferral program for the 2016 tax year.

IT IS FURTHER DECIDED that Defendant improperly disqualified Account R565016 from the Homestead Property Tax Deferral program.

Dated this ____ day of November 2016.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on November 29, 2016.*